UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

VANESSA A. VELA,                                                   Case No. 23–CV–1364 (PJS/LIB)

          Petitioner,

v.                                                                                         ORDER

MICHAEL SEGAL, Warden,

          Respondent.

    Vanessa A. Vela, pro se.

    This matter is before the Court on petitioner Vanessa A. Vela's objection to the May 23, 2023 Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois. Judge Brisbois recommends denying Vela's petition for a writ of habeas corpus. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Vela's objection and adopts Judge Brisbois's R&R.

    Only one matter merits comment. Under the First Step Act of 2018, a prisoner "who successfully completes evidence-based recidivism reduction programming or productive activities" is generally eligible to "earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). The thrust of Vela's petition and objection is that she is entitled to additional time credits for successfully

participating in multiple qualifying programs on the same day. *See* Pet. Ex. 1 at 5, ECF No. 1-1; Obj. 1, ECF No. 6.  In other words, Vela argues that, if she participates in three one-hour programs during a single day, she has participated in three days of "programming."

The Court agrees with Judge Brisbois that Vela's interpretation is plainly wrong.  Section 3632(d)(4)(A) clearly requires that time credits be based on the number of days spent in *programming*, not on the number of *programs*.  A prisoner who participates in one program on Thursday, June 29, 2023 has participated in one day of programming.  A prisoner who participates in five programs on Thursday, June 29, 2023 has likewise participated in one day of programming.  Because the statute is clear—and because the BOP's interpretation is consistent with the clear meaning of the statute—the Court need not address to what extent the BOP's interpretation is entitled to judicial deference under *Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council*, 467 U.S. 837 (1984).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 6] and ADOPTS the R&R [ECF No. 4].  Accordingly, IT IS HEREBY ORDERED THAT petitioner Vanessa A. Vela's petition for a writ of habeas corpus [ECF No. 1] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 29, 2023

                                                                   /s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court